# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

GARY HOLSTEIN
*on behalf of the*
ESTATE OF LUKE TYLER HOLSTEIN,

    Plaintiffs,

v.                                                                                  CIVIL ACTION NO. 5:24-cv-151

MICHAEL FRANCIS
*individually as a Former Employee of the*
*West Virginia Division of Corrections and Rehabilitation* and
JUSTIN DAVIS
*individually as an employee of the West Virginia Division of*
*Corrections and Rehabilitation* and
VALERIE BROWN
*individually as an employee of the West Virginia Division of*
*Corrections and Rehabilitation* and
JOHN/JANE DOE CORRECTIONAL OFFICERS,

    Defendants.

## ORDER

On August 5, 2025, Plaintiff Gary Holstein ("Plaintiff Holstein"), who instituted this action on behalf of the Estate of Luke Tyler Holstein ("Mr. Holstein") (collectively, "Plaintiffs") filed a Third Amended Complaint, alleging the following claims: (1) Count I – "Deliberate Indifference under 42 U.S.C. § 1983," (2) Count II – "Violations of the West Virginia State and U.S. Constitutions," (3) Count III – "Negligence and Violations of Constitutional Rights," (4) Count IV – "Negligent Hiring," (5) Count V – "Negligent Supervision and Training," (6) Count VI – "Negligent Retention," and (7) Count VII – "Fourteenth Amendment Violations Under 42 U.S.C. § 1983 (Deliberate Indifference to Serious Medical Needs)." [ECF 133 ¶¶ 86–

149]. On August 18, 2025, and August 19, 2025, respectively, Defendants Michael Francis, Valerie Brown, and Justin Davis filed Motions to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF 136; ECF 138].[1]

On September 22, 2025, and January 29, 2026, the parties filed various motions *in limine*. [ECF 150; ECF 151; ECF 152; ECF 153; ECF 154; ECF 184; ECF 185; ECF 188].

On November 21, 2025, before the Court's resolution of the Motions to Dismiss, Defendants Francis, Brown, and Davis filed Motions for Summary Judgment. [ECF 173; ECF 171]. On November 22, 2025, Plaintiffs filed a motion for partial summary judgment. [ECF 175].

On February 4, 2026, the parties filed a Notice of Settlement representing (1) "all matters in controversy between and among the parties have been fully settled and compromised," and (2) the parties intend "to petition the Court for approval of the settlement, and, upon the Court's approval, the only remaining items to be addressed by these parties are execution of the release and issuance of the agreed upon settlement funds." [ECF 192].

Accordingly, in light of the foregoing, the Court **ORDERS** as follows:

1. The remaining requirements of the scheduling order are continued pending the further order of the Court;
2. The Motions to Dismiss are **DENIED as moot** [**ECF 134; ECF 136; ECF 138**];
3. Defendant Jividen's Amended Motion for Sanctions is **DENIED as moot** [**ECF 144**];
4. The motions *in limine* are **DENIED as moot** [**ECF 150; ECF 151; ECF 152; ECF 153; ECF 154; ECF 184; ECF 185; ECF 188**];

---

[1] Defendant Betsy Jividen filed a Motion to Dismiss [ECF 134] and an Amended Motion for Sanctions [ECF 144]. However, on October 3, 2025, Defendant Jividen filed a notice withdrawing her Motion to Dismiss [ECF 134] and Amended Motion for Sanctions [ECF 144]. [ECF 166]. On October 6, 2025, the parties filed a Stipulation of Voluntary Dismissal with Prejudice as to Defendant Jividen. [ECF 168].

5. Plaintiffs' Motion to File Notice of Intent to Use 404(b) Under Seal is **DENIED as moot** [**ECF 186**];

6. The Motions for Summary Judgment are **DENIED as moot** [**ECF 171; ECF 173; ECF 175**]; and

7. The parties are **DIRECTED** to file a status report every 30 days.

      The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

      ENTER: February 12, 2026

Frank W. Volk
Chief United States District Judge